UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X    Case: 18-cv-7350 (ENV)(RLM)

JAMES PUGH

                Plaintiff,

        -against-

THE CITY OF NEW YORK,
P.O. RAMIL CASIMIR,
P.O. JOHN SIKORA,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

                Defendants.

---------------------------------------------------------X

**AMENDED COMPLAINT**

PLAINTIFF'S DEMAND
TRIAL BY JURY

Plaintiff JAMES PUGH, by and through his attorney, Paul Hale, Esq. 26 Court St. Brooklyn, NY 11242, complaining of the Defendants, The City of New York, Police Officer RAMIL CASIMIR, P.O. JOHN SIKORA, and Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the counties of Queens and Brooklyn in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the actions of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully assaulting plaintiff.

## PARTIES

7. JAMES PUGH is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. At all times relevant to this action, Defendant Police Officer RAMIL CASIMIR was a police

officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

9.  At all times relevant to this action, Defendant P.O. JOHN SIKORA was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendants Police Officers John/Jane Does and were officers of the City of New York Police Department and acting under color of state law.  Said officers are being sued in both their individual and official capacities.

11. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendant Police Officers.

12. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

13. On December 30, 2017, at approximately 2:50 am, JAMES PUGH was on Grand Central Parkway in the County of Queens.

14. At the above time and location Officer RAMIL CASIMIR attacked MR. PUGH for an unknown reason.

15. An unknown other officer also attacked MR. PUGH.

16. MR. PUGH was kicked, hit, kneed and hit with a retractable metal bar.

17. MR. PUGH was not charged with, nor was he resisting arrest.

18. The attack was so ferocious that it destroyed MR. PUGH'S left knee – which eventually needed a total knee replacement days later.

19. As a result of the attack, MR. PUGH'S knee was obviously deformed and aligned at an unnatural angle.

20. MR. PUGH requested medical attention for his obvious injuries.

21. Instead of calling an ambulance for MR. PUGH, the officers who attacked him handcuffed him and threw him in the back of an unmarked car and drove him to the 75th Precinct in Brooklyn, NY.

22. Once there, and the officers knew they could not cover up the serious injuries they caused, an ambulance was called to the back lot of the Police Precinct.

23. MR. PUGH was then transported to Brookdale Medical Center where he hospitalized for a week due to his injuries.

24. During his hospital admission he underwent knee surgery where his knee was fully replaced.

25. MR. PUGH now suffers from a permanent limp.

26. MR. PUGH accrued approximately $60,000 in medical bills.

27. MR. PUGH filed a Notice of Claim with the New York City Comptroller within 90 days of the incident.

28. The unlawful assault of Plaintiff by defendants was intentional, malicious, reckless and in bad faith.

29. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

30. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police

officers including Defendants in this case, to engage in unlawful conduct.

31. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

32. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from, abuse of process, and the right to due process.

33. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

**AS A FIRST CAUSE OF ACTION:**
**42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants**

34. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

35. By using excessive force, and assaulting Plaintiff, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

36. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without

authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

> A. Excessive force imposed upon him;
>
> B. Denial of medical attention;
>
> C. Summary punishment imposed upon him; and
>
> D. Denial of equal protection under the law.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION:**
**42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment–
against all Defendants**

39. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

40. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

41. The Defendants Police Officers were present for the above-described incident and witnessed other Defendants' actions.

42. The Defendants Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort

to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

43. The Defendants Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A THIRD CAUSE OF ACTION:
### New York State Constitution, Article 1 Section 12–against all Defendants

44. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

45. By using excessive force and assaulting Plaintiff, the Defendants Police Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

46. Defendants Police Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Police Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with specific intent to deprive Plaintiff of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

47. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of their state constitutional rights. Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein-before alleged.

## AS A FOURTH CAUSE OF ACTION:
### Assault and Battery–against all Defendants

49. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

50. In physically assaulting, handcuffing, and intimidating the Plaintiff, the Defendants Police Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon the Plaintiff.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff's sustained the damages hereinbefore stated.

## AS A FIFTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress–all Defendants

52. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

53. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to Plaintiff.

54. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

55. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein-before stated.

## AS AN SIXTH CAUSE OF ACTION:
### Negligent Retention of Employment Services–against all Defendants

57. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

58. Upon information and belief, Defendants, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

59. Upon information and belief, Defendants owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

60. Upon information and belief, Defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

61. Upon information and belief, Defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

62. Upon information and belief, because of the Defendants' negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION:
### Negligence–against all Defendants

63. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

64. As a direct and proximate result of the negligent acts of all the Defendants, as set forth herein, Plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

65. That by reason of the said negligence, Plaintiff suffered and still suffer bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and are informed and verily believe that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believe that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent.

66. This action falls within one or more of the exceptions of the New York State Civil Practice
    Law and Rules §1602.


## AS AND FOR A EIGHTH CAUSE OF ACTION
### Supervisory Liability under 42 U.S.C. §1983)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs
    above with the same force and effect as if fully set forth herein.

68. The supervisory defendants personally caused plaintiff JAMES PUGH constitutional injury
    by being deliberately or consciously indifferent to the rights of others in failing to properly
    supervise and train their subordinate employees.

69. As a result of the foregoing, plaintiff JAMES PUGH is entitled to compensatory damages in
    an amount to be fixed by a jury, and is further entitled to punitive damages against the
    individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees,
    cost, and disbursements of this action.


## AS AND FOR A NINTH CAUSE OF ACTION
### *Monell* claim[1]

70. Defendant City of New York, as a matter of policy and practice, has with deliberate
    indifference failed to properly sanction or discipline police officers including the defendants
    in this case, for violations of the constitutional rights of citizens, thereby causing police
    officers including defendants in this case, to engage in unlawful conduct.

71. Defendant City of New York, as a matter of policy and practice, has with deliberate
    indifference failed to sanction or discipline police officers including the defendants in this
    case, who are aware of and subsequently conceal violations of the constitutional rights of
    citizens by other police officers thereby causing and encouraging police officers including

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

defendants in this case, to engage in unlawful conduct.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

I.   On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II.  On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

III. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

IV.  On the Fourth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

V.   On the Fifth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

VI.  On the Sixth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

VII.     On the Seventh Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

VIII.    On the Eighth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

IX.      On the Ninth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988; and

X.       Such other and further relief as this Court may deem necessary in the interest of justice.


Dated: Brooklyn, NY
       12/26/2018

                              By:     _____/s/_____
                                      Paul Hale, Esq.
                                      26 Court St. Ste. 913
                                      Brooklyn, NY 11242
                                      (718) 554-7344