

<table>
<tr><td>JAMES E. JOHNSON<br><i>Corporation Counsel</i></td><td>THE CITY OF NEW YORK<br><b>LAW DEPARTMENT</b><br>100 CHURCH STREET<br>NEW YORK, NY 10007</td><td>VALERIE E. SMITH<br><i>Senior Counsel</i><br>Phone: (212) 356-2398<br>Fax: (212) 356-3509<br>vsmith@law.nyc.gov</td></tr>
</table>

<u>**BY ECF**</u>      December 17, 2019

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   <u>James Pugh v. City of New York, et al.</u>
               18-CV-7350 (ENV) (RLM)

Your Honor:

      I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York and Officer Casimir ("Defendants") in the above-referenced matter. Defendants write in opposition to plaintiff's request to extend discovery ninety (90) days to (1) depose a second EMT; (2) obtain information related to an ambulance that was on scene; (3) depose Officer Sikora; and (4) inspect the defendant's vehicle. For the reasons set forth herein, defendants do not oppose plaintiff's request to depose EMT Thomas Koehler; however, as explained herein, any additional discovery should be denied as plaintiff has not met the good cause standard to extend fact discovery. Defendants further request that plaintiff be compelled to provide outstanding discovery that was requested at plaintiff's deposition on November 15, 2019.

      <u>**RELEVANT HISTORY**</u>

      Plaintiff alleges that defendant Casimir and an unknown officer subjected him to excessive force on December 30, 2017, when he was kicked, hit, kneed, and struck with a retractable metal bar. *See* ECF No. 19 at ¶¶ 13-17. As a result, plaintiff alleges that he suffered an injury to his left knee which resulted in knee replacement surgery. *Id.*

      Relevant to the instant motion, at the April 23, 2019 initial conference, a Scheduling Order was entered which stated that fact discovery would close on October 23, 2019. *See* ECF No. 9. Also on April 23, 2019, defendants served their initial disclosures pursuant to FED. R. CIV. P. 26(a) which identified Police Officer John Sikora as an individual with discoverable information. On September 26, 2019, plaintiff indicated that he would be seeking leave to file an amended complaint to add Officer Sikora as a defendant. Additionally, on September 26, 2019, fact discovery was extended until December 16, 2019. Your Honor also adjusted the expert discovery period accordingly, so that plaintiff's expert disclosures are due January 24, 2020, defendants' rebuttal expert disclosures, if any are due February 21, 2020, expert depositions are to be completed by March 16, 2020, and defendants' request for a promotion conference is due by March 25, 2020. The Court noted on the record that this would be the final extension of discovery. *See* ECf No. 11.

On October 28, 2019, plaintiff filed a motion seeking leave to amend the complaint in order to add Officer Sikora as a defendant. *See* ECF No. 13. On November 4, 2019, the Court found that plaintiff did not satisfy the good cause requirement to amend the complaint to add Officer Sikora as a defendant in this action. *See* ECF No. 16. Notwithstanding, since the statute of limitations had not yet expired, defendants consented to allow plaintiff to file an amended complaint for the limited purposes of substituting the "John Doe" defendant with Officer John Sikora. *See* ECF No. 17.[1]

Plaintiff now seeks to enlarge discovery, yet again, to conduct discovery that he should have and could have conducted within the time previously allotted by Your Honor for fact discovery. As such, and with the exception of the deposition of EMT Koehler, plaintiff's requests should be denied in their entirety.

### LEAVE TO AMEND THE SCHEDULING ORDER TO EXTEND DISCOVERY SHOULD BE DENIED

Where a scheduling order has been entered by the Court, FED. R. CIV. P. 16(b) provides that a discovery schedule shall not be modified except upon a showing of good cause. *See Anderson v. Bungee Internat'l Mfg. Corp.*, No. 96 Civ. 0186 (MGC) (THK), 1999 WL 219904 (S.D.N.Y. Apr. 14, 1999); *Pratt v. City Mission Society, Inc.*, No. 97-CV-0515E(H), 1999 WL 222568, at *1 (S.D.N.Y. Apr. 12, 1999) (declining to extend discovery for lack of good cause shown). "It is the movant's burden to establish good cause to amend the scheduling order." *See Baburam v. Fed. Express Corp.*, 318 F.R.D. 5, 7-8 (E.D.N.Y. 2016) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). To demonstrate good cause, the party seeking a modification must show that the relevant deadline could not reasonably be met despite that party's diligence under the existing scheduling order. *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted); *Baburam*, 318 F.R.D. at 8 (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir. 1985) (upholding denial of further discovery where the party "had ample time in which to pursue the discovery that it now claims is essential"). However, since plaintiff cannot meet the good cause standard his application should be denied in its entirety.

**Deposition of Thomas Koehler:** Since plaintiff made efforts to depose EMT Koehler within the discovery period, defendants do not object to extending the time for discovery so that this deposition can be completed. *See* ECF No. 11. Alternatively, since plaintiff's expert disclosure is not due until January 24, 2020 and expert discovery does not close until March 16, 2020, defendants see no reason why plaintiff cannot conduct this deposition during the time already allotted for expert discovery.

**Deposition of Police Officer John Sikora:** With regards to any additional discovery, plaintiff has not established good cause. Specifically, plaintiff's counsel's suggestion that he could not have taken Police Officer John Sikora's deposition during the time previously allotted for fact discovery is completely disingenuous. Defendants identified Officer Sikora on or about **April 23, 2019**. In fact, the Court has already found plaintiff lacked good cause to amend the scheduling order pursuant to Rule 16 in order to amend the pleadings to add Officer Sikora as a defendant. *See* ECF No. 16. Plaintiff has been in possession of this information for approximately eight (8) months and during that time has made *no efforts* to take Officer Sikora's deposition. *See Baburam,* 318 F.R.D. at 8 (finding no good cause to re-open discovery where plaintiff's counsel made no effort to notice the depositions of witnesses during the eight months of discovery.) Since plaintiff made *no efforts* to depose Officer Sikora prior to the close of discovery, his request to extend discovery to do so now should be denied.

---

[1] Plaintiff's suggestion that by consenting to plaintiff's application for leave to amend to substitute "John Doe" with Officer Sikora, defendants waived their right to oppose this extension of time for discovery is insulting to the defendants and to the Court who extended plaintiff a courtesy that he now seeks to exploit.

**Discovery Related To An Ambulance On Scene:** Plaintiff's request for discovery related to an ambulance on the scene should also be denied because plaintiff's request is untimely, he has no good cause for the delay, and the request would be fruitless.

The first time plaintiff requested information related to an ambulance that was on scene of the alleged accident was on December 9, 2019, through an informal email. A formal discovery request was not made until December 11, 2019, five (5) days before the close of discovery. Discovery should not be extended for plaintiff to conduct this discovery and his request for extension of discovery should be denied. *See, e.g., Przygoda v. Hove*, No. 98-6007, 1998 WL 743728, at *2 (2d Cir. Oct. 21, 1998) (affirming magistrate judge's ruling that, *inter alia*, "discovery demand was untimely because the deadline for discovery had occurred"); *Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*, No. 02 Civ. 7545, 2003 WL 22853043, at *1 (S.D.N.Y. Nov. 7, 2003) (affirming magistrate judge's ruling striking discovery demands filed two days before the expiration of discovery).

Further, plaintiff attempts to mislead the Court by stating he only recently became aware that there was an ambulance on the scene of the alleged accident. This is simply not true. Indeed, plaintiff testified during his November 15, 2019 deposition that there *was* an ambulance on scene. *See* Deposition excerpt dated, Nov. 15, 2019, annexed hereto as Exhibit A at 108:13-14. Plaintiff made a strategic decision not to pursue this discovery. There is simply no good cause explanation why plaintiff waited almost two years before requesting information related to the EMT's on scene.

Finally, despite this late request, defendants inquired into whether there was any information from FDNY related to any CAD ("sprint") calls documenting radio communications related to incident time and location. Upon information and belief, there are no CAD reports documenting treatment by any FDNY ambulance at the incident time and location. This is consistent with the information provided by Officer Casimir during his deposition wherein he testified that the ambulance was a private ambulance passing by the scene. As such, any information related to a private ambulance would not be in in the custody or control of the City of New York. Discovery should not be extended for plaintiff to seek this discovery.

Moreover, obtaining any information related to medical treatment of an individual would implicate HIPAA privacy laws. Without medical releases, neither party would be able to obtain any information or records related to treatment of non-parties. Thus, not only did plaintiff not establish good cause for purposes of obtaining information related to an ambulance on scene, but any attempt to obtain treatment information would be futile and plaintiff's request should be denied.

**Extension to Inspect Defendants' Vehicle:** Finally, the Court should also deny plaintiff's request to extend discovery to inspect the defendants' vehicle. Plaintiff already made this request and it was denied, *see* ECF No. 16, and he has not presented any new information to support a renewed request to inspect the defendant's vehicle. As such, any extension sought on these grounds would be a waste of time.

### THE COURT SHOULD COMPEL PLAINTIFF TO PROVIDE DISCOVERY

During plaintiff's deposition on November 15, 2019, defendants demanded documents relating to (1) plaintiff's alleged economic damages; (2) his prescribed medications; (3) social media accounts; (3) medical records related to a prior gunshot wound; and (4) the name and contact information for plaintiff's criminal defense attorney. Immediately following plaintiff's deposition, defendants served a discovery demand in writing. *See* Defendants' Second Document Request annexed hereto as Exhibit B. Despite defendants' efforts, plaintiff has not yet provided the outstanding discovery nor has he indicated when the information will be provided. Defendants do not feel the need to extend fact discovery as plaintiff can provide responses during the expert discovery period and so that no further delay will be caused due to plaintiff's lack of diligence.

**CONCLUSION**

For the above stated reasons, Defendants respectfully request plaintiff's application be denied in its entirety with the caveat that the deposition of EMT Koehler is to be completed by January 24, 2020, and for the Court to compel plaintiff to provide responses to the discovery demands defendants made during plaintiff's November 15, 2019 deposition.

Respectfully submitted,

*Valerie E. Smith*

Valerie E. Smith
*Senior Counsel*
Special Federal Litigation Division

cc: <u>Via ECF</u>
Paul Hale, Esq.
*Attorney for plaintiff*