**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**JAMES PUGH,**

                                **Plaintiff,**                  **MEMORANDUM**
                                                          **AND ORDER**

                   **-against-**                                   **18-CV-7350 (ENV)**

**P.O. RAMIL CASIMIR, et al.,**

                                **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       For the reasons detailed in defendants' letter of December 17, 2019 (DE #29), the

Court denies plaintiff's December 13th motion to reopen fact discovery for a 90-day period

(DE #28).   To summarize: As this Court previously found in connection with plaintiff's

motion to amend the pleading to add Officer Sikora as a defendant, plaintiff has not shown

good cause for failing to pursue information from or about Sikora during the discovery period

(DE #16); that the Court nevertheless allowed plaintiff to belatedly add him as a defendant

does not entitle plaintiff to reopen discovery to take his deposition.   Regarding the ambulance

purportedly on the scene of the incident at issue in this case, plaintiff's demand for information

on December 9, 2019, five days before the close of fact discovery, was inexcusably untimely,

as plaintiff testified at his deposition that he was aware that there was an ambulance on the

scene.   In any event, according to Officer Casimir's testimony, the aforesaid vehicle was a

private ambulance passing by, not a city ambulance, and the Court declines to authorize

plaintiff to engage in a belated fishing expedition to identify and locate this ambulance.   As for

plaintiff's request to inspect defendant's vehicle, the Court previously denied this same request,

but with leave to renew the application in the event the vehicle-related documents ordered to be

produced supported the need for an inspection (DE #16); plaintiff's latest request cites no new supporting evidence but simply recycles the same perfunctory demand already denied by the Court.

With defendant's consent (DE #29 at 2), the Court will allow plaintiff to depose EMT Koehler by January 17, 2020. By December 30, 2019, defendants shall either agree to produce Koehler for a deposition or provide plaintiff's counsel with an address through which to serve him with a subpoena. The discovery schedule otherwise remains unchanged (see DE #11).

Finally, defendants ask the Court to direct plaintiff to produce documents demanded at his deposition and confirmed in writing on November 15, 2019 (see DE #29 at 3; DE #29-2). Plaintiff is directed to respond to this request (which should have been separately docketed as an ECF motion-event) by December 27, 2019.

**SO ORDERED.**

Dated:    **Brooklyn, New York**
          **December 20, 2019**

/s/ *Roanne L. Mann*
_____
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**